NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7316

GRADY PARKER, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Grady Parker, Jr., of Highland Park, Michigan, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, Harold D. Lester, Jr., Assistant Director. Of counsel on the brief were Dean E. Gallin, Deputy Assistant General Counsel, and F. John Brizzi, Jr., Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7316

GRADY PARKER, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3609, Judge Bruce E. Kasold.

_____

DECIDED:   March 5, 2008
_____

Before MAYER, GAJARSA and MOORE, Circuit Judges.

PER CURIAM.

Grady Parker, Jr. appeals the judgment of the Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the Board of Veterans' Appeals ("board") decision denying his claim for vocational rehabilitation benefits for the period during which his vocational goal was found to be infeasible, and dismissed for lack of jurisdiction his appeal regarding his claim for a compensable rating for service-connected hypertensive vascular disease.  Parker v. Nicholson, No. 05-3609 (Vet. App. July 31, 2007).  Because we lack authority to review either "a challenge to a factual

determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue, 38 U.S.C. § 7292(d)(2), we <u>dismiss</u> the portion of his appeal regarding the denial of retroactive vocational rehabilitation benefits.

The board did not reach the substance of his compensable rating claim for service-connected hypertensive vascular disease, because it remanded a threshold procedural issue—whether Parker's notice of disagreement to an April 13, 2000, Department of Veterans Affairs Regional Office rating decision was timely filed in accordance with 38 U.S.C. § 7105 and 38 C.F.R. §§ 19.29, 19.30. Because the Veterans Court has jurisdiction only over final board decisions, it was correct to dismiss Parker's appeal with respect to his claim for service connection for hypertensive vascular disease. Accordingly, we <u>affirm</u> that portion of the judgment.